UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| MICHAEL ANTHONY DAVIS, II | ) | CASE: A25-58818-JWC |
| | ) | |
| | ) | |
| **DEBTOR** | ) | |

**CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION
AND EXEMPTIONS AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible. 11 U.S.C. Section 1325(a)(6).

2.

The Debtor has failed to provide to the Trustee a copy of the 2024 tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).

3.

The Debtor has failed to file tax returns with the Internal Revenue Service for the four (4) year period prior to filing in violation of 11 U.S.C. Section 1308.

4.

The Debtor has failed to submit the last filed tax return to the Trustee prior to the meeting of creditors and was unable to provide sworn testimony as to the return as required by the United States Trustee. Therefore, the Trustee requires a sworn statement by the Debtor, in addition to the tax return, that the tax return provided is a true copy of the most recent tax return filed.

5.

The Meeting of Creditors was conducted virtually in this case. Without in-person contact, the Chapter 13 Trustee has requested that the Debtor complete and file a completed and signed Debtor Questionnaire on the docket prior to the Meeting of Creditors. The Debtor has failed to file the questionnaire. The Chapter 13 Trustee requests that the Debtor immediately file with the Bankruptcy Court a completed and signed questionnaire. A copy of this form can be found on the Trustee's website www.njwtrustee.com.

6.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments of $3,400.00 and $500.00 in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

7.

The Trustee requests proof of the fair market value of the Debtor's real property in order to determine the accuracy and veracity of the plan and/or schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(a)(4).

8.

The Trustee requests proof of the Debtor's income for July through September 2025 in order to determine the accuracy and veracity of the plan and/or Schedules. 11 U.S.C. Section 521(a)(1), 11 U.S.C. Section 1325(a)(3), and 11 U.S.C. Section 1325(b)(1)(B).

9.

The Debtor's Chapter 13 schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan. 11 U.S.C. Section 1322(d) and 11 U.S.C. Section 1325(a)(6). Specifically, the Debtor is paid via 1099 but he does have deductions from his pay for fuel and a contractual payment for the truck he drives for work.

10.

The Chapter 13 schedules fail to disclose the Debtor's truck/trailer, in violation of 11 U.S.C. Section 521.

11.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $7,700.00 per month, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

12.

The Chapter 13 Schedules reflect exemptions of $21,880.00 in O.C.G.A. Section 44-13-100(a)(1) and $3,000.00 in O.C.G.A. Section 44-13-100(a)(6), amounts that exceed the exemption limitations allowed in accordance with O.C.G.A. Section 44-13-100.

13.

Schedule J fails to include the $400.00 per year expense for Debtor's homeowners association, thereby rendering the proposed Chapter 13 plan payment to be infeasible in violation of 11 U.S.C. Section 1325(a)(6).

14.

The Chapter 13 Schedules fail to include and notice debts owed to Debtor's homeowners association and First Choice Business in violation of Bankruptcy Rule 1007(a)(1), 11 U.S.C. Section 1325(a)(3) and 11 U.S.C. Section 342.

15.

The plan fails to treat the Debtor's homeowners association and First Choice Business in violation of 11 U.S.C. Section 1322(a) and/or 11 U.S.C. Section 502(a).

16.

The Debtor's Statement of Financial Affairs is inaccurate and/or incomplete in violation of 11 U.S.C. Section 521(a)(1) and Bankruptcy Rule 1007(b)(1).

17.

It appears that MVP Family Attorneys represents the Debtor in a pending or anticipated non-bankruptcy litigation. Said attorney has not been approved as special counsel by the Bankruptcy Court in violation of 11 U.S.C. Section 328, 11 U.S.C. Section 329 and Bankruptcy Rules 2016 and 2017.

      WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Debtor's exemptions, deny Confirmation of the Debtor's plan, and to dismiss the case.

This the 24th day of September, 2025.

                                                  Respectfully submitted,

                                                  /s/_____
                                                  Maria C. Joyner
                                                  Attorney for the Chapter 13 Trustee
                                                  State Bar No. 118350

# CERTIFICATE OF SERVICE

Case No: A25-58818-JWC

I certify that on this day I caused a copy of this Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case to be served via United States First Class Mail with adequate postage prepaid on the following parties at the address shown for each:

**Debtor(s)**

MICHAEL ANTHONY DAVIS, II
408 EDMOND COURT
SUWANEE, GA  30024

I further certify that I have on this day electronically filed the foregoing Chapter 13 Trustee's Objection To Confirmation And Exemptions And Motion To Dismiss Case using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Attorney for the Debtor(s):**

THE LAW OFFICE OF STANLEY J. KAKOL, JR.

This the 24th day of September, 2025.

/s/_____
Maria C. Joyner
Attorney for the Chapter 13 Trustee
State Bar No. 118350
303 Peachtree Center Avenue, NE
Suite 120
Atlanta, GA 30303
678-992-1201