# EXHIBIT A



NVP Family Law, LLC
384 Northyards Blvd., Ste. 190
Atlanta, GA 30313
404-333-8682

### ATTORNEY-CLIENT ENGAGEMENT AGREEMENT

This **ATTORNEY-CLIENT ENGAGEMENT AGREEMENT** constitutes the contract for legal services and fee agreement and sets forth the basis under which **NVP FAMILY LAW, LLC**, 384 Northyards Blvd Suite 190, Atlanta, Georgia 30313, hereinafter referred to as "Firm," will represent you for all services rendered in connection with the following.

1. Brittany Davis v. Michael Davis II | Divorce Action | Gwinnett County | CAFN: 25-A-00867-5

In keeping with good practice and in accordance with the rules of the State Bar of Georgia and The Florida Bar, it is appropriate that we have a written agreement setting forth our agreement and the basis for our fees and expenses, so that there will be no misunderstanding concerning the nature and scope of our employment and the method of our compensation.

By signing this agreement, you, the undersigned client, hereinafter referred to as "Client," will have retained **NVP Family Law, LLC**, to represent you in connection with the services listed above.

### SECTION I
### REPRESENTATION

NVP Family Law, LLC agrees to represent you, subject to a conflict check. We pledge to provide you with quality legal services in all phases of our representation of your case. The scope of representation is limited to the matter described above. If you have us do other legal work in the future, we generally try to sign a new fee agreement. However, if for any reason a new fee agreement is not signed before other work is done, this Agreement will apply to any future services performed on Client's behalf. It is impossible to determine in advance the amount of time that will be needed to complete your case because the work required to be done frequently depends on matters beyond our control. The total fees charged will be determined by the amount of time spent by our lawyers and professional staff. Any discussion regarding a range of fees, costs or distributions that are typically expected in similar cases is not a quote, bid or estimate of the actual attorney fees and costs that shall be incurred in your particular case. No estimate of the total final cost has been made or will be made.

Client understands and agrees that no representations have been made by any attorney of Firm as to the ultimate success of the case and the only material representations made by Firm to Client are that the best professional efforts will be made in the representation of Client. It is agreed that Firm has made no assurances, guarantees or warranties regarding the successful completion of client's legal matter or the final bill. Any communications relating thereto are matters of opinion only.

Client fully understands that this agreement represents a contract for services rendered and to be rendered by Firm and that such services are conditioned on the terms of this agreement, including but not limited to the payment of attorney's fees in accordance with the terms as set forth herein.

Client understands that by signing this agreement that Client expressly authorize the Firm to negotiate on Client's behalf and to resolve non-substantive legal issues which may be associated with the resolution of Client's matter. In addition, the Firm maintains the right to make all strategic decisions associated with the presentation of the case and to extend common professional courtesies to the opposing party. The ultimate decision about the disposition of the case is reserved to Client.

Said Attorneys are hereby authorized and empowered through this contract to negotiate and settle said Representation, to affect a compromise in said Representation or to institute or defend such legal action as the Attorneys deem advisable. Client further agrees and expressly authorizes Attorneys to endorse, as his/her Attorney in Fact and at Law, any checks, drafts, or other negotiable instruments received on Client's behalf, and to negotiate said funds according to the terms of the within Contract. All documents, photographs, audio and video recordings, files, depositions, witness statements, notes and copies thereof created in Client's behalf by Attorneys or Attorneys' authority is and shall be individual property of Attorneys. Furthermore, all materials and monies supplied to Attorneys by Client shall be subjected to the Attorney's Lien Pursuant to the Official Code of Georgia, **O.C.G.A. § 15-19-14.**

## SECTION II
## RETAINER; HOURLY RATES; COSTS FOR LITIGATION SUPPORT

**RETAINER DEPOSIT:** Prior to the start of any work on my behalf by NVP Family Law, LLC, I agree to pay the initial retainer in the amount of $5,000.00 to secure payment of fees and expenses that the Firm may incur during the course of my representation. ***It is expressly understood that this amount is NOT estimate of total fees in my case***. I understand that the Firm cannot estimate my total bill because it is impossible to predict the exact scope of services that may be required and how cooperative adverse parties may be throughout litigation. The Firm may apply the retainer to pay any outstanding unpaid fees and expenses without further authorization from me. The client agrees to make a $2,000.00 down payment. The client also agrees to make $500 bi-weekly payments until his initial retainer is paid in full.

*MD*

Client hereby authorizes the Firm to withdraw sums from the trust account to pay the costs, expenses, and fees for legal services incurred in Client's case. However, it is intended that the retainer fee deposit will be held and used as security deposit until the conclusion of the case and Client's payment of all outstanding costs, expenses, and fees for legal services. Attorney will charge all costs, expenses, and fees for legal services incurred during each monthly billing cycle against the retainer fee deposit, and all such charges against Client's account are to be replenished within 14 days from the date of mailing each bi-weekly statement. Failure by Client to replenish the original retainer fee deposit to the original amount within 14 days of receipt of the statement will be cause for Firm to withdraw from the case.

In other words, Client agrees to pay the Firm in advance for all work to be performed, by maintaining at all times a retainer fee deposit which is to be replenished within 14 days of the bi-weekly statement, each statement, during the course of Firm's representation.

The retainer fee deposit is fully refundable. Any money not used for costs, expenses, and fees for legal services will be refunded to the Client at the conclusion of the case.

In addition to the bi-weekly replenishment of the initial retainer fee deposit, Firm may from time to time require additional deposits of retainer funds in anticipation of an evidentiary hearing, lengthy deposition, trial, or other large cost, whenever the Firm reasonably believes that the sum on retainer is insufficient to cover the expected costs, expenses, and fees for legal services likely to be incurred through the next billing cycle. Client's failure to deposit such additional retainer by the specified date will be cause for Attorney to withdraw from the case.

Client acknowledges that any deposit into his/her/their retainer fee deposit account made by credit card will be charged a 3% administrative fee and that said administrative fee will be charged on the client's following bi-weekly statement.

*MD*

**HOURLY FEES:** In order to provide the most cost-effective representation as possible and depending upon the degree of specialization required, Client recognizes that the personnel working on my case may vary. NVP FAMILY LAW uses a team approach, involving partners, associates, paralegals and legal assistants, when their participation will, in our judgment, facilitate highest quality, most efficient, and most cost-effective representation of our clients. I understand and agree that, depending upon which person is working on my case, I will be billed at the following hourly rate(s):

| Staff | Fee per hour | Staff | Fee per hour |
|---|---|---|---|
| Attorney(s) | $ 325 to $ 450 | Paralegal(s) | $ 150 to $ 250 |

| Law Clerk(s) | $ 175 to $275 | Legal assistants | $ 115 to $ 145 |
|---|---|---|---|

NVP FAMILY LAW reserves the right to determine which staff, under its supervision, handles any particular matter. NVP FAMILY LAW bills in 6-minute increments for all work performed. I further understand that any communications initiated by upon the staff's private cellphone before 8am or after 6pm Monday through Friday or on Saturdays and Sundays may be subject to that staff's hourly rate with a 1.5 multiplier. The fee charged is NOT contingent upon the outcome of my case, and I understand that NVP FAMILY LAW cannot agree to contingent fee representation in a domestic relation proceeding under the Georgia Rules of Professional Conduct. No one, other than an attorney, can provide me with legal advice related to my action.

I understand that NVP FAMILY LAW charges for **all** work performed on my case, including, but not limited to: conferences and consultations; inter-firm conferences; telephone calls and emails; legal research; preparation of documents/pleadings hearing(s), trial and deposition preparation; attending and taking depositions; preparing post-deposition summaries; interviewing witnesses; court appearances; travel to courthouses and any other location(s) associated with my case; and drafting letters, pleadings and memos.

AWARD OF ATTORNEY'S FEES: Client understands that the court, in certain circumstances, may award attorney's fees and litigation costs for some or all of the costs incurred by Client in this matter. Attorney's fee awards are discretionary and there is no guarantee that court will make any such award. I also understand that any fee award(s) may not cover the entire fees Client has incurred in this matter. Client understands that the court's award of attorney fees and costs shall not constitute a determination concerning the reasonableness of Firm's fees and costs charged. Client acknowledges that he/she/they remain responsible for the payment of all fees and costs charged to NVP FAMILY LAW, irrespective of any portion of an attorney's fees and costs which the court may order a party opponent to pay. If amounts are actually received from a party opponent as payment toward Client's fees and costs, those amounts will be credited to Client's account or refunded to Client to the extent NVP FAMILY LAW has already received payment from Client. Client has been advised that a party opponent may also seek and recover their attorney's fees and costs from Client.

COSTS AND EXPENSES: Client agree to pay for all costs and expenses connected with this representation, including, but not limited to, filing fees and court costs, mileage at the current IRS mileage reimbursement rate, parking, photocopying outside of our office, depositions costs, court reporter fees, expert witness fees, hospital/medical/banking/financial/business records, investigative charges, court exhibits, demonstrative evidence fees, photography fees, subpoena service fees, courier fees, videotaping fees, shipping fees, postage, and similar type expenses. Whenever practical and possible, Client will be asked to pay such costs directly to the provider, in advance.

An initial, non-refundable, $25.00 will be billed to Client from the first funds deposited with Firm, to purchase the initial file materials, and to pay for access to the computer-assisted legal research service reserved for all cases in the event access to the service is needed.

## SECTION III
## INTERIM BILLINGS

Client agrees to pay all fees and expenses upon receipt of bi-weekly invoices. Should a client invoice result in an amount due that remains unpaid 10 days after the date of the invoice, NVP FAMILY LAW reserves the right to suspend any non-essential services in this matter and withdraw from any further representation. If Client fails to pay the total balance of any bi-weekly invoice within 10 days of receipt, Client understands and agrees that interest will accrue on the outstanding balance at the rate of 1-1/2% per month (18% per annum). Furthermore, Client agrees to pay an additional amount equaling 15% of the total principal and interest then due (in accordance with O.C.G.A. § 13-1-11), should any amount due under this Agreement be recovered though collection by NVP FAMILY LAW or through an attorney- at-law, including the payment of NVP FAMILY LAW's attorney's fees.

Should client remit payment to this office by way of check and it is returned for insufficient funds or stop payment, a $25.00 returned check fee will be assessed to Client.

Client agrees to read my invoice(s) carefully and will contact NVP FAMILY LAW if Client has any questions regarding invoices. Client understands and agrees that Client waive the right to challenge the propriety of and/or the charges made for legal services and expenses on any monthly invoice if Client does not send a definitive written dispute to NVP FAMILY

LAW regarding any of the amounts due on said invoice within thirty (30) days from the date of the invoice. NVP FAMILY LAW acknowledges that attorney's fees and costs are a subject that many clients are hesitant to discuss and that errors can be made in preparing an invoice. However, NVP FAMILY LAW will respond to any questions, inquiries, or comments Client may have regarding any invoice(s) at no charge.

It is understood that the hourly time charges include but are not limited to: court appearances; mediation/arbitration appearances; telephone conferences; office conferences; legal research; deposition appearances; review of file materials and documents sent or received; preparation for trial, hearings and conferences with opposing counsel; drafting of pleadings and instruments; office memoranda and correspondence; and trial time incidental to legal representation. It is understood that the Firm will place a lien on any portion of the Client's assets subsequent to the finalization of equitable distribution. If the Firm determines, in its sole discretion, that legal fees may exceed the Client's assets or potential collectability of outstanding legal fees the Firm reserves the right to withdraw as the attorney for the Client and enter seek the enforcement of a lien.

## SECTION IV
## CLIENT RESPONSIBILITIES

It is the Client's responsibility to promptly provide all documents and information which would assist the Firm in preparing the Client's case. This information should be provided by the Client within thirty (30) days of this agreement and should include a written narrative of the facts and circumstances surrounding the dispute, names, addresses and contact information of all persons who may have information that would assist the Firm with regard to the action and copies of any and all documents related to the dispute.

Client agrees to fully cooperate with Firm so that Firm may provide legal services as efficiently and quickly as possible. Client agrees to provide Firm with accurate and complete information; promptly respond to Firm's inquiries; and to immediately inform the Firm of any changes in Client's contact information or circumstances. Client agrees to be available for conferences with Firm and further available for court appearances. Client shall promptly fill out and return all documents as requested by Firm. Client agrees to carefully review all documents received from the Firm and to promptly ask questions if Client does not understand something. Should Client not wish to follow Firm's advice, Firm has the right in its sole discretion to withdraw as Client's attorney. Client understands that if discovery documents are being requested, Client agrees to submit the documents to attorney absolutely no later than one week prior to the discovery deadline to allow attorney and staff to review the evidence prior to submitting it to the opposing party. Failure to timely submit the documents to your attorney may result in you missing the discovery deadline which will likely result in additional costs.

## SECTION V
## STATEMENT OF LEGITIMATE CLAIM AND INDEMNIFICATION

*MD* (Initial) I state that the facts I relayed to NVP FAMILY LAW surrounding my case are complete, true and accurate to the best of my knowledge and belief. I understand that NVP FAMILY LAW has relied upon my factual representations in formulating its legal opinions and strategies. To that extent, I shall indemnify and hold NVP FAMILY LAW and its personnel harmless from and against any claims, liabilities, costs, attorney's fees incurred by NVP FAMILY LAW, and expenses incurred by NVP FAMILY LAW at any time and in any way arising out of or relating to the information that I provided to NVP FAMILY LAW. This provision shall survive the termination of this agreement for any reason.

Client agrees to hold NVP FAMILY LAW harmless of any attorney's fees and legal fees ordered by the Court in Client's case as a result of the Client failing to comply with the discovery process pursuant to O.C.G.A. § 9-11-37. Therefore, Client agrees to be fully responsible for payment of any fees ordered against Client and/or NVP FAMILY LAW under O.C.G.A. § 9-11-37 and shall indemnify NVP FAMILY LAW of the same.

## SECTION VI
## MISCELANEOUS

**ENTIRE AGREEMENT**: This Agreement constitutes the entire agreement of NVP FAMILY LAW and the Client and shall supersede all prior understandings, communications, and agreements relating to the subject matter of this Agreement, whether oral or written. *Except that if NVP FAMILY LAW begins working on matters, issues, documents or anything pertaining to this case prior to the signing of this Agreement, the time, work, and effort spent shall be incorporated into the*

*fees and other provisions of this Agreement*

<u>TERMINATION OF EMPLOYMENT</u> - Client understands that either NVP FAMILY LAW or Client shall have the right to terminate representation at any time by notifying the other in writing. Client further understand that Client will remain responsible for: 1) all fees and expenses otherwise due under this Agreement through the date of any such termination and 2) all costs and fees associated with transferring the case to other legal counsel. Client further understand and agree that should NVP FAMILY LAW seek Court permission to withdraw from representing me, Client hereby consents to NVP FAMILY LAW's withdrawal should any of the following occur: 1) Client breaches this agreement; 2) If, after a reasonable investigation of this matter, NVP FAMILY LAW determines that it is not feasible or proper for Client to prosecute my claims or continue forward with my matter; 3) Client fails to cooperate with the litigation, including missing (without justification) any scheduled court appearance or deposition or failing to respond to communications from NVP FAMILY LAW after two successive email, mail or phone communications to Client's home address or phone number; 4) Client fails to pay any fees owed pursuant to this agreement, including replenishing and trial retainers; 5) Client fails to pay any expenses or fees incurred by or due to be paid to NVP FAMILY LAW or requested by NVP FAMILY LAW to be paid to others (i.e, experts/investigators) for costs or services connected with my case; 6) Client fails to pay any case expenses/costs requested by NVP FAMILY LAW to be advanced for said expenses/costs either to Firm or for others retained by NVP FAMILY LAW on my behalf, who are required to perform services in connection with Client's case and scope of representation. 7) If NVP FAMILY LAW and Client cannot agree on the proper handling or disposition of my case, either NVP FAMILY LAW or Client can ask the other for NVP FAMILY LAW's removal from the case as Client's representative. In such event, Client agrees to pay NVP FAMILY LAW for services up to the date of any final transfer of information and/or documents to Client's new counsel. Failure to pay is defined as any bill sent to me by any provider connected with the case (including NVP FAMILY LAW, experts, investigators, court reporters, etc.) that remains unpaid for more than 10 days after its due date.

<u>CLIENT FILES</u> – All documents, photographs, audio and video recordings, files, depositions, witness statements, notes and copies related to Client's matter and created by Firm during the course of their representation shall be the individual property of the Firm. The Firm maintains Client's file electronically. Hard copies are not necessarily produced or maintained. If hard copies are produced, at the conclusion of Client's scope of representation, unless Client specifically requests for Firm to keep the Client file and retrieve it within ten (10) days of notice from the Firm, Client's complete file will be destroyed, including, but not limited to all originals, certified copies, financial information and other documents obtained throughout this scope of representation by the Firm.

<u>Modification and Severance:</u>
    A. This Agreement can only be modified by a written agreement duly signed by persons authorized to sign agreements on behalf of NVP FAMILY LAW and me. Any addendum attached hereto shall be hereby incorporated by reference.
    B. No failure to exercise, and no delay in exercising, on the part of either party, any right, power, or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise of any right, power, or privilege hereunder preclude further exercise of the same right or the exercise of any other right there under.
    C. If any part of this Agreement shall be adjudged by any court of competent jurisdiction to be invalid, such judgment will not affect or nullify the remainder of this Agreement, but the effect thereof will be confined to the part immediately involved in the controversy adjudged.
    D. This Agreement shall be deemed to have been made in and shall be construed pursuant to the laws of the State of Georgia. If there is a dispute as to this agreement, I agree that such dispute shall be resolved by binding arbitration with the State Bar of Georgia Fee Arbitration Committee pursuant to the rules and procedures of the State Bar of Georgia.
    E. This Agreement is the complete and exclusive statement of the mutual understanding of the parties and it supersedes all previous written and oral agreements and communications relating to the subject matter of this Agreement.

<u>Consent to correspond electronically</u>: While NVP FAMILY LAW takes reasonable precautions to protect your confidential information, email is not a completely secure method of communication. Use of email as a means to communicate confidential information may not be secure. We caution you against communicating with our firm on shared devices, unsecured networks or Wi-Fi, or from a network maintained by an employer. Such forms of communication may amount to a waiver of privilege and confidentiality. Preferred communication via electronic means involves the use of encryption on a secured network on an unshared device or through our client portal.

I acknowledge that if I use electronic mail to initiate contact with an NVP FAMILY LAW attorney regarding my legal matters, the attorney and/or his/her representative has my permission to correspond via that email address. I give permission for a NVP FAMILY LAW attorney or support staff member to email me at mikedckp@gmail.com regarding my legal issues and for electronic billing purposes. *MD* (Initials).

---

If the above meets your approval, please indicate by signing and returning this agreement to us. It is understood that we shall have no obligation to provide legal services until we have received this agreement signed by you. Unless we make a different agreement in writing, this agreement shall govern any future services we may perform at your request regarding the above referenced matter.

If at any time you have any questions regarding anything relating to our services or fees charged, we encourage you to bring such matters to our attention so that we may discuss and resolve them at once. Thank you for your confidence in our firm.

<u>ACKNOWLEDGEMENT AND UNDERSTANDING OF TERMS</u>

<u>PLEASE READ THIS CAREFULLY:</u>

This Agreement is a formal legal contract for Attorney's/Firm's services. It protects both Client and Firm, is intended to prevent misunderstanding, and it may vary the law otherwise applicable to attorney's liens and resolution of fee disputes. **DO NOT SIGN THIS AGREEMENT UNTIL YOU HAVE READ IT THOROUGHLY AND ARE SURE YOU UNDERSTAND ITS TERMS**. If you do not understand it or if it does not contain all the agreements discussed, please call it to our attention and be sure this written Agreement contains **all** terms you believe are in effect between us. Client has the absolute right to discuss this agreement with independent counsel (or any other advisor) before entering into this agreement.

Client acknowledges and understands all terms of this agreement and signifies the same by including his or her initial or signature on each page of said agreement. The terms and conditions of this Agreement are hereby approved and adopted, this 08 / 25 / 2025

The foregoing is accepted and agreed to by:

Signature: *[signature]*
Name: Michael Davis
Address: 408 Edmond court
City: Suwanee, State: GA Zip: 30024
Phone: +1 (404) 747-4551



Audit trail

| | |
|---|---|
| Title | General Trust Retainer Michael Davis20250821 1 1pn7gg.pdf |
| File name | General_Trust_Ret...0821-1-1pn7gg.pdf |
| Document ID | 4850d80e6b93e30a6f50d1e3db3738bf14277c0b |
| Audit trail date format | MM / DD / YYYY |
| Status | ● Signed |

This document was requested on nvpfamilylaw.cliogrow.com and signed on nvpfamilylaw.cliogrow.com

## Document History

**SENT** — **08 / 21 / 2025** 18:57:34 UTC
Sent for signature to Michael Davis (mikedckp@gmail.com) from djones@nvpfamilylaw.com
IP: 136.55.232.179

**VIEWED** — **08 / 25 / 2025** 16:44:51 UTC
Viewed by Michael Davis (mikedckp@gmail.com)
IP: 107.127.49.58

**SIGNED** — **08 / 25 / 2025** 16:49:52 UTC
Signed by Michael Davis (mikedckp@gmail.com)
IP: 74.255.55.90

**COMPLETED** — **08 / 25 / 2025** 16:49:52 UTC
The document has been completed.

Powered by Dropbox Sign